UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| RONALD E. ROUSSEAU,<br><br>Petitioner,<br><br>vs.<br><br>CHEYENNE RIVER SIOUX TRIBE, KIMBERLY CRAVEN, IN HER OFFICIAL CAPACITY AS CRST ATTORNEY GENERAL; BRENDA CLAYMORE, IN HER OFFICIAL CAPACITY AS CRST CHIEF JUDGE; FRANKIE VIET, DALE IRON LIGHTNING, WINONA PRETTY WEASEL, JOE BRINGS PLENTY JR, DERRECK JAMES EAGLE, JORDAN TURNING HEART, NIKA SERRANO, FRANKIE ROUSSEAU, KIRBY BLUE COAT, UNKNOWN TRIBAL OFFICIALS, UNKNOWN BIA AGENTS, CHARLES ADDINGTON, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF BIA LAW ENFORCEMENT; SCOTT DAVIS, SENIOR ADVISOR TO THE SECRETARY OF THE INTERIOR; DOUG BURGUM, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE INTERIOR; ALISON J. RAMSDELL, IN HER OFFICIAL CAPACITY AS U.S. ATTORNEY; JOHN BURGE, IN HIS OFFICIAL CAPACITY AS BIA SPECIAL AGENT IN CHARGE; RICHARD MELVILLE, IN HIS OFFICIAL CAPACITY AS BIA DIRECTOR OF LAW ENFORCEMENT; BARTHOLOMEW STEVENS, IN HIS OFFICIAL CAPACITY AS DEPUTY DIRECTOR OF BIA FIELD SERVICES; GREGG BOURLAND, IN HIS OFFICIAL CAPACITY AS FORMER BIA SUPERINTENDENT; AND BIA CHEYENNE RIVER AGENCY, | 3:25-CV-03028-RAL<br><br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND RULING ON MOTION TO AMEND |

1

|  |  |
|---|---|
| Respondents. |  |

Ronald Rousseau filed a pro se petition for a writ of habeas corpus under 25 U.S.C. § 1303 and 28 U.S.C. § 2241 challenging his November 2025 arrest and detention by the Cheyenne River Sioux Tribe (CRST). Docs. 1, 1-1. Rousseau named 22 respondents and sought declaratory and injunctive relief. Docs. 1, 1-1. Magistrate Judge Mark A. Moreno issued a report and recommendation that Rousseau's non-habeas claims be dismissed without prejudice to refiling them in a separate civil action and that all but two of the respondents be dismissed. Doc. 4. Judge Moreno also issued a preliminary order on Rousseau's habeas claims, finding it unclear whether he had shown detention and exhaustion of tribal remedies, prerequisites to relief under 25 U.S.C. § 1303. Doc. 5. Judge Moreno gave the two remaining respondents 30 days to reply to Rousseau's habeas petition and brief the detention and exhaustion issues. Id. Rousseau has now objected to Judge Moreno's orders, Doc. 7, and has moved to amend his habeas petition, Doc. 8.

I.     **Background**

Rousseau alleges that CRST law enforcement arrested him on November 6, 2025, while he was repairing "assets" belonging to his father's business, Ted's Inc. Doc. 1 at 7; Doc. 1-1 at 2–3, 9. Rousseau was charged with public nuisance, criminal conspiracy, trespass, disorderly conduct, and theft. Doc. 1-1 at 10; Doc. 1-2 at 23. Tribal officials detained Rousseau for 22 hours at the Walter Miner Law Enforcement Center in Eagle Butte, South Dakota, before releasing him on November 7. Doc. 1-1 at 10; Doc. 1-2 at 23. Rousseau claims this detention constituted cruel and unusual punishment, alleging that the jail was unsanitary, unsafe, and that inmates were denied medical care and prayer services. Doc. 1 at 8; Doc. 1-1 at 10–11.

Rousseau filed this case within a week of being released from tribal jail. Doc. 1. Most of his claims involve a dispute with his sister Frankie Rousseau over who should control Ted's, Inc. Rousseau asserts that his father Michael Rousseau wanted him and his brothers to have control of the company. Doc. 1 at 7; Doc. 1-1 at 3, 7–9. He filed an "Affidavit of Intent and Authorization for Asset Transfer" allegedly signed by Michael that purports to authorize Rousseau to take possession of some equipment belonging to Ted's, Inc. Doc. 1-2 at 14. Rousseau also filed a 2022 Annual Report listing himself as the president of Ted's, Inc. Id. at 4. Under a tribal court order, Frankie holds power of attorney (POA) over Michael's property and affairs, however, and appears to have actual control of Ted's, Inc.[1] Doc. 1-1 at 3, 7–9; Doc. 1-2 at 6. Rousseau maintains that his arrest and charges on November 6, 2025, resulted from tribal police relying on Frankie's "disputed" POA and ignoring the affidavit signed by Michael. Doc. 1 at 7–8; Doc. 1-1 at 3, 7–9.

## II. Rousseau's Objections

This Court reviews de novo Rousseau's objections to dispositive matters in Judge Moreno's report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Though Rousseau also objects to Judge Moreno's preliminary order on his habeas petition, such an order is not dispositive of his claims and thus Rousseau's objections do not trigger de novo review of that order. See Fed. R. Civ. P. 72(a) (explaining that district courts review objections to nondispositive pretrial matters under a "clearly erroneous" or "contrary to law" standard). Regardless, Rousseau's objections to the preliminary order fail even under de novo review.

---

[1] Rousseau's motion to amend attached an order by a tribal court judge appointing Frankie as Michael's guardian. Doc. 8-2 at 6–9. The order was dated July 21, 2025, nunc pro tunc to April 24, 2024. Id. at 9. The order states that Frankie currently has POA over Michael's property and affairs, that the Court recognizes Michael as the sole owner of Ted's, Inc. until paperwork is submitted showing otherwise, and that Ted's, Inc. is included in Michael's estate until transfer of ownership before April 24, 2024, is proven. Id. at 6, 8–9. Rousseau claims the order is invalid. Doc. 8 at 2.

### A. Dismissal of Non-Habeas Claims in Petition

Rousseau's petition seeks declaratory and injunctive relief, disciplinary action, disqualification of CRST officials, and a temporary shutdown of the Tribe's jail. Doc. 1 at 8; Doc. 1-1 at 13–14. Judge Moreno recommended dismissing these non-habeas claims without prejudice because Rousseau seeks relief beyond what may be provided through habeas corpus and because parties cannot combine habeas claims with other causes of action in one case. Doc. 4 at 2–4. Rousseau objects, arguing that his habeas and non-habeas claims are "inseparably tied" and that claims for declaratory and injunctive relief are necessary to render meaningful habeas relief. Doc. 7 at 2.

This is not the first time Rousseau has tried to bring habeas and non-habeas claims in the same case. Rousseau filed a previous habeas petition under 25 U.S.C. § 1303 challenging the lawfulness of his conviction in the CRST's tribal court for elder abuse constituting an assault. See Rousseau v. Craven, et al., 25-cv-3005-RAL. His petition also raised claims under 42 U.S.C. § 1983 and sought monetary, declaratory, and injunctive relief. 25-cv-3005, Doc. 28 at 1. This Court dismissed Rousseau's non-habeas claims, explaining the difficulties with including habeas and non-habeas claims in the same action and finding that Rousseau's arguments about judicial economy did not override these concerns. Rousseau v. Cheyenne River Sioux Tribe, 3:25-CV-3005, 2025 WL 1476467, at *1 (D.S.D. May 21, 2025). This Court overrules Rousseau's objection for the reasons given in its previous order and in Judge Moreno's report and recommendation. Should Rousseau eventually succeed on his habeas petition, this Court will have authority under § 1303 to grant him the appropriate relief. Rousseau may file his non-habeas claims in a separate civil action if he so wishes.

### B. Dismissal of All but Two Respondents

Rousseau's petition named 22 respondents, including the CRST, various tribal employees, BIA employees, and the former United States Attorney for the District of South Dakota. Doc. 1-1. Judge Moreno recommended dismissing all respondents but Kimberly Craven, the Attorney General for the CRST, and Brenda Claymore, the CRST's Chief Judge. Doc. 5 at 8–9; Doc. 4 at 3. He reasoned that the CRST has tribal sovereign immunity and that the other 19 respondents lacked the authority to grant Rousseau the relief he seeks. Doc. 5 at 8–9; Doc. 4 at 3. Rousseau objects, arguing that his alleged custody is "systemic" and being sustained by all the respondents. Doc. 7 at 3.

Rousseau's objection is overruled. Rousseau alleges that he was arrested, charged in tribal court, and detained for 22 hours before being released. Doc. 1 at 6–8. Tribal court documents Rousseau filed show that he was released on a $500 cash bond with a "no like offenses" condition. Doc. 1-2 at 23. Since only Rousseau's habeas claims remain, the people who exercise legal control over his alleged custody are the proper respondents. See Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) ("[A] habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"). "If the petitioner has been released on bail pending final disposition, the proper respondent is the court that admitted the petitioner to bail and that can revoke it, or the attorney general of the State or his local representative." Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice & Procedure § 10.1 n.22 (7th ed. 2025). Craven and Claymore appear to be proper respondents, but the other individuals are not. See Reynolds v. Davis, No. 22-1234, 2023 WL 5767719, at *3 (E.D. La. Aug. 15, 2023) (explaining that the police officer who arrested the petitioner was not a proper respondent in a habeas case).

**C. Detention**

Section 1303 makes habeas corpus relief available for a person to "test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. A person must be detained for federal courts to have jurisdiction under § 1303. Walton v. Tesuque Pueblo, 443 F.3d 1274, 1279 (10th Cir. 2006). Judge Moreno's order concluded that Rousseau's petition and attachments did not provide enough information for him to rule on whether Rousseau was detained under § 1303. Doc. 5 at 7–8, 11. He directed Claymore and Craven to respond to the petition and brief the issues of detention and exhaustion of tribal remedies. Id. at 12. Rousseau now objects, arguing that the attachments to his petition and the exhibits he filed along with his proposed amended petition establish detention. Doc. 7 at 4–5.

Rousseau's objection is overruled. Judge Moreno didn't recommend dismissal of Rousseau's case; he merely sought more information from Claymore and Craven so that he could make an informed decision about whether this Court has jurisdiction to decide Rousseau's petition. If Rousseau is actually detained, allowing Claymore and Craven to respond and confirm this won't cause him any prejudice.

### D. Exhaustion of Tribal Court Remedies

Section 1303 petitioners typically must exhaust their remedies in tribal court before coming to federal court. Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv., 28 F.4th 1051, 1061 (10th Cir. 2022). "[E]xhaustion of tribal court remedies 'means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts.'" WPX Energy Williston, LLC v. Jones, 72 F.4th 834, 837 (8th Cir. 2023) (quoting Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 17 (1987)). As with the detention issue, Judge Moreno found that Rousseau had not provided enough information to determine whether he had fully exhausted his tribal court remedies. Doc. 5 at 11. Rousseau now objects, arguing that he has exhausted his remedies or that exhaustion

should be excused. Doc. 7 at 5. He claims he moved to dismiss the criminal charges against him in tribal court, but that the CRST failed to respond within three days as required by tribal rules. Doc. 7 at 5; Doc. 8-2 at 1–2, 14–22. He argues that this lack of response and the failure of the CRST Court of Appeals to issue a decision on his conviction for elder abuse shows that exhaustion is futile. Doc. 7 at 5–6.

Rousseau's objections are overruled. Rousseau is correct that federal courts may excuse exhaustion when appellate review is extremely delayed, or the tribe lacks a functioning court system. See Krempel v. Prairie Island Indian Cmty., 125 F.3d 621, 622 (8th Cir. 1997) (explaining that exhaustion is not required where there is no functioning tribal court); Johnson v. Gila River Indian Cmty., 174 F.3d 1032, 1036 (9th Cir. 1999) (questioning whether there was a functioning tribal appellate court when there was no response to the initial appellate proceedings in two years); see also Carter v. Buesgen, 10 F.4th 715, 716, 723 (7th Cir. 2021) (holding that four years of inaction by state court of appeals excused exhaustion requirement for a habeas petitioner). That is not the situation here, however. The CRST Court of Appeals issued an opinion on December 30, 2025, reducing Rousseau's conviction for elder abuse constituting an assault to one for simple assault.[2] 25-cv-3005, Doc. 46-1. Though the CRST Court of Appeals may have taken longer than Rousseau liked, the CRST obviously has a functioning appellate court. And while Rousseau complains about a delayed response to his motion to dismiss, he only filed that motion recently, in November 2025. Nothing in the record shows that Rousseau has exhausted tribal court remedies, or that Judge Moreno erred by directing Claymore and Craven to brief the exhaustion issue.[3]

---

[2] Rousseau's case in 25-cv-3005 is set to resume now that the CRST Court of Appeals issued its decision. 25-cv-3005, Doc. 50.
[3] Judge Moreno's December 3, 2025 order on Rousseau's habeas petition gave Respondents Claymore and Craven 30 days to respond to the petition and brief the exhaustion and detention issues. Doc. 5. The Clerk of Court mailed the petition and Judge Moreno's orders to Claymore,

### E. Motion to Amend

Rousseau seeks to amend his petition in three main ways. He first seeks to add as respondents a former tribal judge, that judge's attorney, Craven's attorney, and "[U]nknown Tribal Leadership and Attorneys." Doc. 8 at 1–2. Like the other 19 dismissed respondents, these individuals are not proper habeas respondents because they lack the authority to give Rousseau the relief he seeks. Rousseau's request to add these new individuals as respondents is denied.

Rousseau next seeks to plead the same claims for declaratory and injunctive relief that Judge Moreno recommended dismissing and to add more claims for declaratory and injunctive relief. Doc. 8-1 at 24–27. This request is denied for the reasons explained above. The only claims that survive this Opinion and Order are Rousseau's habeas claims.

Rousseau also asks that he be allowed to supplement his petition with the facts he pleads in his amended petition and that the Court accept the exhibits he attached to his amended petition as part of the record. Doc. 8 at 5–6. This Court grants that request to the limited extent that this Court and Judge Moreno may consider the amended petition and attached exhibits when deciding whether Rousseau is entitled to habeas relief.

### III. Conclusion

For the reasons stated above, it is

ORDERED that Judge Moreno's Report and Recommendation, Doc. 4, is adopted, that Rousseau's non-habeas claims are dismissed without prejudice, and that all respondents but Kimberly Craven and Brenda Claymore are dismissed. It is further

---

Craven, and a lawyer representing a tribal official in 25-cv-3005. More than 30 days has passed since Judge Moreno's order, but Respondents have not responded.

ORDERED that Rousseau's objections to the Report and Recommendation and Judge Moreno's Preliminary Order on Habeas Petition, Doc. 7, are overruled. It is further

ORDERED that Rousseau's Motion to Amend and Supplement Petition for Writ of Habeas Corpus, Doc. 8, is granted to the limited extent that this Court and Judge Moreno may consider the amended petition and attached exhibits when deciding whether Rousseau is entitled to habeas relief. The motion is otherwise denied. It is further

ORDERED that Respondents Claymore and Craven have 20 days to respond to Rousseau's habeas petition and brief the issues of exhaustion and detention as directed by Judge Moreno. It is finally

ORDERED that the Clerk of Court mail a copy of this Opinion and Order to Rousseau and Respondents Claymore and Craven and attorney Steven Gunn.

DATED this 27th day of January, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE